IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENESCO GROUP, INC., an Illinois corporation, and JIM SHORE DESIGNS, INC., a South Carolina corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MERCASIA USA, Ltd., an Illinois corporation,<br><br>Defendant. | 08 C 675<br><br>JUDGE CONLON<br>MAGISTRATE JUDGE NOLAN<br><br>JURY DEMAND |

## COMPLAINT

Plaintiffs, Enesco Group, Inc. and Jim Shore Designs, Inc., by and through their attorneys, for their Complaint against Defendant, MercAsia USA, Ltd., on information and belief, state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Enesco Group, Inc. ("Enesco") is a company incorporated under the laws of the State of Illinois, with its principal place of business at 225 Windsor Drive, Itasca, Illinois 60143. Enesco is in the business of selling decorative ornaments to customers and prospective customers in Illinois and nationally.

2. Plaintiff Jim Shore Designs, Inc. ("Jim Shore") is a company existing under the laws of the State of South Carolina, with its principal place of business at 426 N. Main Street, Heath Springs, South Carolina 29058. Jim Shore is in the business of creating decorative ornaments sold either directly or through a licensing agreement with Enesco, amongst others, to customers and prospective customers in Illinois and nationally.

3. Defendant MercAsia USA, Ltd. ("MercAsia") is an Illinois limited liability company having a first principal place of business at 14513 Lincoln Ave., Suite 206, Lisle, Illinois 60532, and a second place of business at 1501 Gary Street, Bethlehem, Pennsylvania 18018. MercAsia is in the business of importing and selling decorative ornaments to wholesale distributors operating and selling to customers and prospective customers in Illinois and nationally.

4. This action arises under the Federal Copyright Act, Title 17, Section 101 *et seq.*, the Federal Trademark Act, also known as the Lanham Act, Title 15, Section 1125(a), the statutory laws of the State of Illinois, including the Illinois Trademark Act, 765 ILCS 1035/1 *et seq.*, the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et. seq.*, and the Illinois Consumer Fraud and Deceptive Businesses Practices Act, 815 ILCS 505/1 *et. seq.*, and the Illinois common law of unfair competition. Plaintiffs seek injunctive relief and actual, statutory, and punitive damages, including Defendant's profits, costs and attorneys' fees under 15 U.S.C. § 1117, 17 U.S.C. §§ 504–505, 815 ILCS §§ 510/3 and 505/10a, and under common law.

5. This court has exclusive subject matter jurisdiction arising under United States Code sections 15 and 17 pursuant to 28 U.S.C. § 1331 and has original or supplemental jurisdiction over the above listed related claims under 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1367(a).

6. Personal jurisdiction over Defendant and venue in this matter is proper in this district because Defendant is an Illinois corporation and conducts regular business in this District and pursuant to 28 U.S.C. § 1391(b), (c) and (d).

## ALLEGATIONS COMMON TO ALL COUNTS

7. Each year, more than half of American households purchase Christmas decorations or other seasonal decorations for an annual spending of about $6.4 billion dollars.

Decorations and ornaments can be handmade, carved, hand-blown, and be made of wood, plastic, stained-glass, velvet, crystal, etc. High end stores, such as Bloomingdale's Home carry collectible, antique, and artist inspired decorations and ornaments that can sell up to hundreds of dollars a piece. Other collections by famous artists are sold via catalogs at select sales locations. Enesco publishes a 137 page catalog containing several hundred of Jim Shore's most desirable pieces.

8.   Jim Shore's is one of the most renowned Christmas decorations and ornament designers in the United States. Jim's unique style combines elements of folk art and a vibrant color palette applied to traditional themes. These award-winning dressings of ornaments include quilting, rosemalling, appliqué, and flat perspective folk art in intricate and colorful works of art often referred to as American Folk Art ("the Jim Shore Trade Dress").

9.   Jim Shore's unique trade dress and copyrighted works root their creative origin from a grandmother quilter and artistic parents who instilled a love of the traditional values expressed in American Folk Art. The Jim Shore trade dress is art that embodies a collection of quilts dating back over 150 years. Recently, Jim Shore was named the Rising Star of 2002 and the Artist of the Year of 2003, 2004, and 2005 by the National Association of Limited Edition Dealers. Jim won in 2003, and 2005 the Christmas Collectible of the Year award.

10.   Jim Shore's collection can be seen at jimshore.com, on the Shopping Network QVC, on many websites, including Enesco's website enesco.com. At any given time, thousands of Jim Shore ornaments, original works, and decorations are auctioned on the website ebay.com. Before joining forces with Enesco, Jim Shore's previous corporate entity Designs Americana had a staff of over 350 employees dedicated to the promotion of Jim's art. Jim's currently collaborates to create a collection called JIM SHORE – DISNEY TRADITIONS inspired by

Disney Studios® licensed characters. Jim was recently invited to launch his collection at the Disney Attraction Park.

11.     Enesco is a worldwide leader in the marketing and sale of gifts, collectibles, and decorative accessories, including Christmas decorations and ornaments. In 2000, Enesco joined forces with award-winning artist Jim Shore to produce, distribute, market, and sell a line of seasonable items created, owned, and copyrighted by Jim Shore, the line having a highly unique and distinctive trade dress.

12.     In 2006, Plaintiffs entered into a strategic licensing agreement to manufacture, reproduce, display, use, advertise, import, distribute, offer for sale, and sell the unique items created by Jim Shore. This agreement contemplates net sales of up to $70 million per year in ornaments and decorative collectibles.

13.     Plaintiffs have spent considerable time and effort developing trademarks, trade dress, and original copyright designs for licensed products under this strategic licensing agreement. Enesco has developed a following of customers over the last 5 years that have come to collect and recognize the unique style from Jim Shore inspired products.

14.     The product dressing of every ornament and decoration is used to automatically tell customers the identity of the source of the goods. Christmas ornaments and decorations are generally sold and advertised both inside and outside of their packaging, often in a Christmas tree setting with price tags on the ornaments themselves. Customers remember product dressings of ornaments and make purchasing decisions accordingly.

15.     Plaintiffs own a plurality of federal copyright registrations, including U.S. Registration No. VA-1-215-856 attached hereto as <u>Exhibit A</u>. This copyright registration, filed

on Feb. 26, 2004, is entitled "Jim Shore Heartwood Creek Santa in a Sleigh/Reindeer Figurines (4 pieces)" (the "Heartwood Creek Santa").

16.  MercAsia is an Illinois corporation engaged in the design, manufacture, importation, and/or customer service and supply of a product called Santa, Sleigh, and Reindeer sold in this Illinois District, and more specifically, sold at some or all of Costco, Inc. retail/warehouse outlets under the brand Kirkland Signature Santa, Sleigh, and Reindeer as article No. ITM./ART. 266018 ("the Santa Sleigh"). A depiction of the external packaging of this product is attached as <u>Exhibit B</u>. This product is a Christmas ornament/decoration depicting Santa Claus in a sleigh with three reindeer. Defendant's Santa Sleigh is a copy and substantial reproduction of the work protected by Copyright Registration No. VA-1-215-856.

17.  MercAsia is also engaged in the design, manufacture, importation, and/or customer service and supply of a product called Twelve Days of Christmas Ornaments, sold in this Illinois District, and more specifically, sold at some or all of Costco, Inc. retail/warehouse outlets under the brand Kirkland Signature Twelve Days of Christmas Ornaments as article No. ITM./ART. 663601 ("the Ornaments"). A depiction of the external packaging of this product is attached as <u>Exhibit C</u>. This product is a Christmas three ornament/decoration set consisting of twelve different figurines.

18.  MercAsia, through at least the retail/wholesale outlet Costco, Inc., has placed in the marketplace in at least the 2007 Christmas season the Santa Sleigh and the Ornaments. Sales of Christmas ornaments/decorations is seasonal, and the availability of these articles in the marketplace as of the fall of 2007 corresponds to a market presence of one calendar year.

19.  The emphasis on the products, product displays, and packaging of Christmas ornaments/decorations is on the nonfunctional features and dressing of these items. Defendant's

Santa Sleigh packaging consists of a large, box-size picture of the Santa Sleigh. Defendant's Ornament packaging consists of a transparent sheet of plastic above a display of Ornaments. Customers buy products based on the aesthetics and appeal of a product, and customers also associate the trade dress of the product with the overall decorative style of a holiday environment.

20.     Upon information and belief, Defendant willfully contracted with Costco, Inc. to make or have made and import the Santa Sleigh to the United States a product substantially similar to Plaintiffs' copyrighted work. Because of the fame of Jim Shore's work, the corporate receipt doctrine is applicable to copies of substantially similar goods by Defendant, which has copied Plaintiffs' work.

21.     Plaintiffs are also the owners of and claim rights under an inherently distinctive and nonfunctional trade dress for a wide variety of products with an inherently and highly distinctive trade dress. Plaintiffs claim right in the trade dress over their entire collection, and more specifically, over the copyrighted Heartwood Creek Santa and a set of Christmas ornaments called Twelve Days to Christmas ornaments also covered by the Jim Shore Trade Dress. See <u>Exhibit D</u>. Plaintiffs' trade dress is easily recognized by customers based on extensive market penetration, award recognition, the importance and price of Plaintiffs' work, and the tremendous public recognition of joyful and colorful figurines in dynamic stances robed or partly covered with quilting, rosemalling, or appliqué motifs. This trade dress further includes traits such as a distinctive hue, brightness, and gloss, often mimicking wood-like grain, often with asperities or plank-line incrustations painted with uneven shades.

22.     Defendant is selling its Santa Sleigh and Ornaments in Illinois and throughout the country. Photographs of the Infringing Products in a side-by-side comparison are attached hereto and incorporated herein as set forth in Exhibit E.

23.     Defendant sale of its Santa Sleight and the Ornaments, two products infringing the trade dress of Plaintiffs as embodied in the Heartwood Creek Santa and Plaintiffs' ornament set called Twelve Days to Christmas, is likely to cause confusion in the marketplace in that the goods promoted by Defendant under the infringing trade dress are substantially identical to the federally registered copyrighted good Heartwood Creek Santa, and the copyrighted good Twelve Days of Christmas by Jim Shore.

24.     Defendant's copyright and trade dress infringement is made in a manner to exploit and misappropriate the good will and reputation of Plaintiffs based on Plaintiffs' use of the trade dress when displayed in a store on a crowded store shelf or placed side-by-side with other ornaments.

25.     Defendant's copyright and trade dress infringement of Plaintiffs' high-end products with a low-end import also exploit and misappropriate the good will earned by Plaintiffs and tarnishes and disparages the reputation of Plaintiffs' renown in the marketplace.

## COUNT I

### Federal Copyright Infringement Pursuant to § 501 of the Copyright Act (17 U.S.C. § 501)

26.     Plaintiffs adopt, restate, and reallege each and every allegation previously set forth in this Complaint under paragraphs 1 to 25 as if fully set forth in this paragraph 26.

27.     Artist Jim Shore has complied in all respects with the provisions of §§ 410 and 411 the Copyright Act (17 U.S.C. §§ 410 and 411), and on February 26, 2004, Jim Shore effectively registered his copyrights with the United States Copyright Office for the Heartwood

Creek Santa, which were granted Copyright Registration No. VA-1-215-856. A true and correct copy of each copyright application and deposit copies for each of the copyrighted works is attached hereto and incorporated herein as set forth in <u>Exhibit A</u>.

28. Plaintiffs are, and at all relevant times have been, the owners of the copyrights and have never assigned the copyrights, in whole or in part, to any other person or entity.

29. Defendant has infringed Plaintiffs' exclusive rights in and to the copyrights by reproducing the copyrights in connection with its sale of identical goods such as the Santa Sleigh, and by distributing copies of the infringing packaging designs depicting the Santa Sleigh, in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106. A true and correct copy of each infringing packaging design and a photograph of the infringing packaging adjacent to the like copyrighted work is attached hereto in <u>Exhibit B</u>.

30. Plaintiffs are and have been damaged by Defendant's acts of infringement.

31. Plaintiffs suffer ongoing injury as the result of Defendant's acts of infringement that is irreparable in nature and Plaintiffs are without an adequate remedy at law.

## COUNT II

### <u>Federal Unfair Competition pursuant to<br>§43(a) of The Lanham Act (15 U.S.C. § 1125(a))<br>Jim Shore Trade Dress</u>

32. Plaintiffs adopt, restate, and reallege each and every allegation previously set forth in this Complaint under paragraphs 1 to 25 as if fully set forth in this paragraph 32.

33. The Jim Shore trade dress, as used by Plaintiffs in connection with their Christmas decoration and ornaments, is inherently distinctive and have acquired secondary meaning. Plaintiffs' trade dress is nonfunctional, including but not limited to the Jim Shore Heartwood Creek Santa and the Jim Shore Twelve Days to Christmas ornament set.

34. Defendant's use of infringing trade dress in connection with goods, their dressing, and/or packaging identical to that offered by Plaintiffs, including the same quilting, rosemalling, appliqué, and flat perspective folk art in intricate and colorful works of art constitutes infringement of Plaintiffs' rights in the trade dress and is likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's goods by Plaintiffs in violation of 15 U.S.C. § 1125.

35. Defendant deliberately and knowingly adopted, used, and continues to use the infringing trade dress in bad faith, with the intent to trade upon the good will established by Plaintiffs, to create confusion in the public mind, and to misappropriate Plaintiffs' rights in the good will it has established in the Jim Shore trade dress.

36. By reason of Defendant's unlawful activities, Plaintiffs have been, are, and are likely to be damaged, and, unless Defendant's activities are restrained, Plaintiffs will continue to suffer serious and irreparable injury without a full and an adequate remedy at law.

## COUNT III

### Uniform Deceptive and Unfair Trade Practices Act
### Plaintiffs' Jim Shore Trade Dress

37. Plaintiffs adopt, restate, and reallege each and every allegation previously set forth in this Complaint under paragraphs 1 to 25 as if fully set forth in this paragraph 37.

38. Section 510/2 of the Illinois Uniform Deceptive Trade Practices Act (the "UDTPA") provides, in relevant part, that:

> A person engages in deceptive trade practices when, in the course of his business, location, or occupation, he:
>
> (1)   passes off goods or services of those of another;
>
> (2)   causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(3)   causes likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by another;

\* \* \*

(12)   engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

815 ILCS 510/2 (West 1998).

39.   Defendant's use of infringing trade dress including quilting, rosemalling, appliqué, and flat perspective folk art in intricate and colorful works of art in connection with goods identical to the goods offered by Plaintiffs under their Jim Shore trade dress and without Plaintiffs' consent is an attempt to pass off Defendant's goods as those of Plaintiffs, which causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods; causes a likelihood of confusion or of misunderstanding as to affiliation, connection, or association between Defendant and Plaintiffs; and/or creates a likelihood of confusion or of misunderstanding among consumers generally as between the goods of Defendant and those of Plaintiffs, all in violation of Section 2 of the UDTPA.

40.   By reason of Defendant's unlawful activities, Plaintiffs have been, are, and are likely to be damaged, and, unless Defendant's activities are restrained, Plaintiffs will continue to suffer serious and irreparable injury without a full and an adequate remedy at law.

### COUNT IV

### Consumer Fraud and Deceptive Business Practices Act
### Plaintiffs' Jim Shore Trade Dress

41.   Plaintiffs adopt, restate, and reallege each and every allegation previously set forth in this Complaint under paragraphs 1 to 25 as if fully set forth in this paragraph 41.

42.   Section 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (the "CFDBPA") provides that:

"Unfair deceptive acts or practices, including but not limited to … the use of employment or any practice described in Section 2 of the "Uniformed Deceptive Trade Practices Act", approved August 5, 1965, and the conduct of any trade or commerce are hereby declared unlawful whether in fact any person has been mislead, deceived or damaged thereby."

815 ILCS 505/2.

43. Defendant's violation of the UDTPA, as set forth in paragraphs 34 to 36 herein, by their use and employment of deceptive trade practices as described in Count III, constitutes a violation of Section 2 of CFDBPA.

44. By reason of Defendant's unlawful activities, Plaintiffs have been and are likely to be damaged, and unless Defendant's activities are restrained, Plaintiffs will continue to suffer serious and irreparable injury without a full and adequate remedy at law.

## COUNT V

### Common Law Unfair Competition
### Plaintiffs' Jim Shore Trade Dress

45. Plaintiffs adopt, restate, and reallege each and every allegation previously set forth in this Complaint under paragraphs 1 to 25 as if fully set forth in this paragraph 45.

46. Defendant's use of infringing trade dress including quilting, rosemalling, appliqué, and flat perspective folk art in intricate and colorful works of art in connection with goods and in connection with advertisements used to solicit such goods that are identical to the goods offered by Plaintiffs under their Jim Shore trade dress, without Plaintiffs' consent, is an attempt to pass off Defendant's goods as those of Plaintiffs, which causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods; causes a likelihood of confusion or of misunderstanding as to affiliation, connection, or association between Defendant and Plaintiffs; and/or creates a likelihood of confusion or misunderstanding among consumers generally as between the goods of Defendant

and those of Plaintiffs, all of which constitute unfair competition under the laws of the State of Illinois.

47. Defendant has intentionally and willfully engaged in unfair competition in that Defendant adopted, used, and continues to use infringing trade dress, including quilting, rosemalling, appliqué, and flat perspective folk art in intricate and colorful works of art with the intent to trade upon the good will established by Plaintiffs under their Jim Shore trade dress, to create confusion in the public mind and to misappropriate Plaintiffs' rights and the good will they have established, all to the irreparable injury of Plaintiffs.

48. The acts of Defendant complained of herein constitute inequitable pirating of the fruits of Plaintiffs' labor and are acts of unfair competition in violation of Illinois common law. Defendant's acts of unfair competition were done and continue to be done knowingly, intentionally, and willfully.

49. Defendant will continue to engage in unfair competition with Plaintiffs unless enjoined by this Court.

50. Plaintiffs have no adequate remedy at law.

## PRAYER

WHEREFORE, Plaintiffs pray that this Court:

(a) Adjudge and decree that Defendant's Santa Sleigh infringes Plaintiffs' Copyright Registration No. VA-1-215-856;

(b) Adjudge and decree that Defendant's Santa Sleigh and Ornaments infringes Plaintiffs' trade dress as embodied by the Heartwood Creek Santa and the Twelve Days to Christmas ornaments and other Jim Shore ornaments and products;

(c) Order that Plaintiffs have trial by jury on all issues so triable;

(d) Preliminarily and permanently enjoin, pursuant to 15 U.S.C.A. § 1116, Defendant, its representatives, officers, directors, agents, servants, employees, and attorneys, and any and all persons in active concert with them, from using the infringing trade dress, Jim Shore's trade dress, or any variations thereof or any trade name, trademark, or service mark confusingly or deceptively similar to Plaintiffs' trade dress in connection with the promotion, advertising, solicitation, conduct, and expansion of Defendant's business or businesses, or in particular, in connection with Defendant's Christmas ornaments and decoration products in the State of Illinois and nationally, or otherwise competing unfairly with Plaintiffs;

(e) Order, pursuant to 15 U.S.C.A. § 1118, Defendant, its representatives, officers, directors, agents, servants, employees, and attorneys, and any and all persons in active concert with them, to deliver to Plaintiffs for destruction all advertisements, brochures, promotional materials, signs, stationery, business cards, other written material, videotapes, clothing, personal accessories, or any other product or thing that depicts or otherwise discloses the trade dress, or any name or mark confusingly similar thereto;

(f) Order Defendant, its representatives, officers, directors, agents, servants, employees, and attorneys, and any and all persons in active concert with them, to fully compensate Plaintiffs for the preparation and distribution of corrective advertising;

(g) Order an accounting of all of Defendant's profits derived from the copyright and trade dress infringement, and award to Plaintiffs exemplary damages, attorneys' fees, and costs therefor;

(h) Order monetary relief in the amount of any and all profits derived by Defendant from the sale of its goods and for all damages sustained by Plaintiffs by reason of said acts of infringement and unfair competition complained of herein;

(i) Order monetary relief in the amount of treble the amount of actual damages suffered by Plaintiffs;

(j) Order monetary relief and punitive and exemplary damages against Defendant by reason of Defendant's fraud and palming off;

(k) Order injunctive relief temporarily restraining and preliminarily and permanently enjoining Defendant, its representatives, officers, directors, agents, servants, employees, and attorneys, and any and all persons in active concert with them, from infringing Plaintiffs' copyrights and trade dress in any manner;

(l) Order injunctive relief impounding, pursuant to 17 U.S.C. § 503, all copies claimed to have been made or used in violation of Plaintiffs' exclusive rights;

(m) Order monetary relief in the amount of Plaintiffs' actual damages and the profits of Defendant that are attributable to Defendant's acts of infringement under 17 U.S.C. § 504(b);

(n) Order monetary relief in the amount of Plaintiffs' reasonable attorneys' fees and costs of suit, and punitive damages for state-based nonfederal causes of action for trade dress infringement; and

(o) Award Plaintiffs such other and further relief as this Court deems just and proper under the circumstances.

**JURY TRIAL DEMAND**

Plaintiffs hereby demand a trial by jury on all triable issues.

                              Respectfully submitted,

                              ENESCO GROUP, INC. and JIM SHORE DESIGNS, INC.

                              By:  s/Angelo J. Bufalino
                                      One of Their Attorneys

Angelo J. Bufalino
Robert Rigg
Alain Villeneuve
Vedder Price P.C.
222 N. LaSalle St., Suite 2600
Chicago, Illinois 60601-1003
(312) 609-7500
Dated: January 30, 2008